IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH ROGERS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) CIVIL NO. 10-cv-00008-MJR |
| LISA J. HOLLINGSWORTH, | ) ) ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Petitioner brings this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge a mandatory consecutive two-year sentence imposed on him by the Honorable G. Patrick Murphy, United States District Judge for the Southern District of Illinois, after being found guilty of aggravated identity theft under 18 U.S.C. § 1028A(a)(1). *United States v. Rogers*, Case No. 3:06-cr-30065 (S.D. Ill.).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to § 2241 relief, but may be entitled to relief pursuant to 28 U.S.C. § 2255. Therefore, this Court intends to construe the action as seeking relief pursuant to § 2255. Before re-characterizing this action, however, Petitioner will be afforded an opportunity to withdraw it or to

amend his pleading.

**BACKGROUND**

Petitioner was charged by means of an information[1] with (1) making counterfeit United States currency in violation of 18 U.S.C. § 471; (2) bank fraud in violation of 18 U.S.C. § 1344; (3) aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1); and (4) forfeiture of counterfeit property, 18 U.S.C. § 492. *United States v. Rogers*, Case No. 3:06-cr-30065 (S.D. Ill. Information filed May 4, 2006). With regard to Count 3 (aggravated identity theft), the information specifically charged that Petitioner "used a home computer . . . to create unauthorized payroll [checks] purporting to be issued by Grossman Iron and Steele [sic]." *Id*. (Information filed May 4, 2006). The information further charged that "[o]n these fraudulent payroll checks, . . . [Petitioner], included personal identification numbers and financial institution account and routing numbers." *Id.*

Pursuant to a written plea agreement, Petitioner pleaded guilty to all charges. *Id.* (Defendant's Agreement to Plead Guilty, filed May 4, 2006). In addition to his plea agreement, Petitioner signed a written stipulation of facts. In the stipulation of facts, Petitioner admitted using:

> a home computer . . . to create unauthorized payroll checks purporting to be issued by Grossman Iron and Steele [sic]. These checks purported to be drawn from Grossman Iron and Steele's [sic] account and contained personal identification numbers, financial institution account and routing numbers . . . .

*Id.* (Stipulation of Facts filed May 4, 2006).

On September 18, 2006, Judge Murphy sentenced Petitioner to "**46 MONTHS. This term shall consist of 46 mos. on counts 1 & 2 said terms to run concurrent with each other, and 24 months on Ct. 3, to run consecutive to the term imposed on Counts 1 & 2.** *Id*. (Judgment filed

---

[1] Petitioner waived prosecution by indictment. *United States v. Rogers*, Case No. 3:06-cr-30065 (S.D. Ill. Waiver of Indictment filed May 4, 2006).

Sept. 20, 2006) (emphasis original).

The written plea agreement provided that "the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28 [United States Code], or under any other provision of federal law." *Id.* (Defendant's Agreement to Plead Guilty). From this waiver of his right to pursue either a direct appeal or collateral review, Petitioner carved out three exceptions. First, " if the sentence imposed [was] in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserve[d] the right to appeal the reasonableness of the sentence." *Id*.

In addition, the written plea agreement set out the following two exceptions:

> Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the defendant actually innocent of the charges covered herein, and 2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10).

*Id.*

True to his word, Petitioner did not seek direct review of his convictions and/or sentences. A review of this Court's records also indicates that Petitioner has not previously sought relief pursuant to 28 U.S.C. § 2255.

On May 4, 2009, the Supreme Court decided *Flores-Figueroa v. United States*, 129 S. Ct. 1886 (2009), which held that the knowledge requirements of 18 U.S.C. § 1028A(a)(1) extended to the "of another person" element of the offense, requiring the Government to prove that the defendant

did not simply invent a false identification, but knew that he was using identification belonging to another actual person. *Id*. In his § 2241 habeas petition, Petitioner asserts that the Government failed to identify the actual other person whose identity (or whose identification numbers) he was using. Petitioner argues that in light of *Flores-Figueroa*, he is "being held in custody for a non-existent crime."

**DISCUSSION**

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court (in this case, Judge Murphy) pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. 28 U.S.C. § 2255(e).

Although neither his petition nor his memorandum address the availability of § 2241 relief, it appears that Petitioner would contend that he is one of those for whom a § 2255 motion is inadequate or ineffective to test the legality of his detention. At this point in time, however, such a claim is purely speculative because - to date - Petitioner has not sought relief pursuant to § 2255.

It is also difficult for this Court to find that § 2255 relief is "inadequate or ineffective" when such relief appears to be still available to Petitioner - as it does here.[2] Although the Antiterrorism

---

[2]Obviously, the Court is ignoring for the moment Petitioner's waiver of his right to pursue collateral review (and the exceptions carved out from the waiver). The waiver of Petitioner's right to pursue collateral review applies to both relief under § 2255 and to relief under § 2241. While the waiver of Petitioner's right to pursue collateral relief must be addressed at some point, the initial question is whether Petitioner can pursue § 2241 relief at all.

and Effective Death Penalty Act, Pub. L 104-132, 110 Stat. 1214 ("AEDPA"), imposes a one-year limitations period on § 2255 motions::

> The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Clearly, a § 2255 motion would not be timely under § 2255(f)(1) because the instant case was not filed until January 4, 2010, nearly three and half years after Petitioner's conviction became final. Petitioner, however, appears to have an arguable claim that a § 2255 motion would be timely under § 2255(f)(3). It appears that the Supreme Court's decision in *Flores-Figueroa* may have created a "newly recognized" statutory right which is retroactive to cases on collateral review, and, therefore, Petitioner has one-year from the date that *Flores-Figueroa* was decided (May 24, 2009) to pursue relief pursuant to § 2255. *Cf. Fischer v. United States*, 285 F.3d 566, 599-600 (7th Cir. 2002) (finding that Supreme Court's decision in *Richardson v. United States*, 526 U.S. 813 (1999) - which interpreted 18 U.S.C. § 848 as requiring a jury to unanimously agree on the specific violations that make up the "continuing series" of a continuing criminal enterprise - was a newly created statutory right that was generally retroactive to cases on collateral review and, therefore, triggered

the one-year clock under § 2255(3)).  Furthermore, Petitioner is *not* barred by the limitations on second or successive § 2255 motions pursuant to § 2255(h) because he has not previously sought relief pursuant to 28 U.S.C. § 2255.  Because Petitioner's *Flores-Figueroa* claim appears to be the type of claim that could be addressed in a § 2255 motion filed under § 2255(f)(3), Petitioner is not entitled to relief under § 2241.

As a practical matter, however, if this Court dismissed the instant § 2241 action today, Petitioner would likely be unable to get relief under § 2255.  This is because - as of today - more than one year has passed since the decision in *Flores-Figueroa* and, therefore, any subsequent § 2255 action would appear to be time barred under § 2255(f).  *See Poe v. United States*, 486 F.3d 473, 476-78 (7th Cir. 2006).  Even under the circumstances of this case, equitable tolling would appear not to save a hypothetical future § 2255 motion from being dismissed as time barred.  *Id.*  Petitioner chose to bring his *Flores-Figueroa* claim in a § 2241 action rather than a § 2255 motion at his own peril and, therefore, is not *entitled* to have his § 2241 action treated as a timely filed § 2255 motion. *Id.*

Although this Court is not *required* to construe the instant action as one seeking relief under § 2255, *id.*, the Court may nevertheless liberally construe the instant action as Petitioner's *first* § 2255 motion.  *Castro v. United States*, 540 U.S. 375, 381-82 (2003) (noting that federal courts sometimes ignore the label that a *pro se* litigant attaches to a pleading in order to place it in a different legal category).  However, this Court may re-characterize the instant § 2241 action as one under § 2255 only after giving Petitioner notice that any subsequent § 2255 motion may be subjected to the restrictive conditions imposed by federal law on "second or successive" § 2255 motions, 28 U.S.C. § 2255(h), and providing Petitioner an opportunity to withdraw or amend his pleading.

*Castro v. United States*, 540 U.S. 375, 377 (2003).

To prevent an unduly harsh result - i.e., denying Petitioner's request for § 2241 relief and, at the same time, making any subsequent § 2255 motion Petitioner may wish to file untimely - the Court notifies Petitioner that it intends to re-characterize the instant action as one seeking relief under 28 U.S.C. § 2255.  Nothing in this Memorandum and Order, however, should be construed or interpreted by Petitioner (or any other party) as expressing an opinion as to the merits of Petitioner's § 2255 claim or, even, whether the action properly falls within the parameters (as Petitioner claims it does) of *Flores-Figueroa*.

### DISPOSITION

**IT IS HEREBY ORDERED** that Petitioner's claim for relief pursuant to 28 U.S.C. § 2241 is summarily **DENIED** because Petitioner has not demonstrated that relief pursuant to 28 U.S.C. § 2255 is "inadequate" or "ineffective."  28 U.S.C. § 2255(e).

To prevent an unduly harsh result - i.e., denying Petitioner's request for § 2241 relief and, at the same time, making any subsequent § 2255 motion Petitioner may wish to file untimely - the Court notifies Petitioner that it intends to re-characterize the instant action as one seeking relief under 28 U.S.C. § 2255.  Petitioner, however, is **ADVISED** that if this Court re-characterizes the instant action as Petitioner's first § 2255 motion, then any subsequent § 2255 motion Petitioner files may be subjected to the restrictive conditions imposed by federal law on "second or successive" § 2255 motions.  *See* 28 U.S.C. § 2255(h).

Before this Court re-characterizes the instant action as Petitioner's first § 2255 motion, however, Petitioner will be afforded an opportunity to withdraw the action or, alternatively, to amend his pleading.  Accordingly, **IT IS FURTHER ORDERED** that if Petitioner desires to either

withdraw this action or amend his pleading, he must do so in a writing filed with the Court no later than July 30, 2010.

**IT IS FURTHER ORDERED** that if Petitioner fails to notify the Court, in writing, within the time specified, that he is withdrawing the action, then the Court will proceed to re-characterize it as one under § 2255. If, in lieu of withdrawing the action, Petitioner timely files an amendment to his pleading, then the action will be re-characterized as so amended. If, Petitioner fails to timely withdraw the action and fails to timely amend his pleading, then the Court will re-characterize the action as one under § 2255 based on the existing pleading.

**IT IS SO ORDERED.**

**DATED this 2nd day of July, 2010.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**
