**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **KENNETH ROGERS,** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | **CIVIL NO.  10-08-GPM** |
| **vs.** | ) | |
| | ) | **CRIMINAL NO. 06-30065-GPM** |
| **UNITED STATES of AMERICA ,** | ) | |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Petitioner initially brought this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge a mandatory consecutive two-year sentence imposed on him after being found guilty of aggravated identity theft under 18 U.S.C. § 1028A(a)(1).  *See United States v. Rogers*, Case No. 3:06-cr-30065-GPM (S.D. Ill.).

The § 2241 petition was assigned to the Honorable Michael J. Reagan, United States District Judge for the Southern District of Illinois.  Judge Reagan concluded that Petitioner was not entitled to § 2241 relief but may be entitled to relief pursuant to 28 U.S.C. § 2255. Therefore, while Judge Reagan denied Petitioner relief under § 2241, Judge Reagan notified Petitioner that he intended to construe the instant action as Petitioner's *first* request for relief pursuant to § 2255.  Before re-characterizing this action, however, Judge Reagan  warned Petitioner about the consequences of re-characterizing this action as his first § 2255 motion and gave Petitioner an opportunity to withdraw it or to amend his pleading.

In his response to Judge Reagan's Memorandum and Order (Doc. 4), Petitioner stated that

he "acknowledges and accepts the Court's intention to recharacterize Petitioner's § 2241 as seeking relief pursuant to § 2255" (Doc. 5). Petitioner also filed an amendment to his pleading (Doc. 6). Accordingly, Judge Reagan found that Petitioner intended to proceed with this action under § 2255 notwithstanding any limitations or consequences such re-characterization may have. Because § 2255 motions are brought before the sentencing court, Judge Reagan transferred the action to the undersigned district judge for all further proceedings.

### BACKGROUND

Petitioner was charged by means of an information[1] with (1) making counterfeit United States currency in violation of 18 U.S.C. § 471; (2) bank fraud in violation of 18 U.S.C. § 1344; (3) aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1); and (4) forfeiture of counterfeit property, 18 U.S.C. § 492. *United States v. Rogers*, Case No. 3:06-cr-30065-GPM (S.D. Ill. Information filed May 4, 2006). With regard to Count 3 (aggravated identity theft), the information specifically charged that Petitioner "used a home computer … to create unauthorized payroll [checks] purporting to be issued by Grossman Iron and Steele [sic]." *Id.* The information further charged that "[o]n these fraudulent payroll checks, … [Petitioner], included personal identification numbers and financial institution account and routing numbers." *Id.*

Pursuant to a written plea agreement, Petitioner pleaded guilty to all charges. *Id.* (Defendant's Agreement to Plead Guilty, filed May 4, 2006). In addition to his plea agreement, Petitioner signed a written stipulation of facts. In the stipulation of facts, Petitioner admitted using:

> a home computer … to create unauthorized payroll checks purporting
> to be issued by Grossman Iron and Steele [sic]. These checks
> purported to be drawn from Grossman Iron and Steele's [sic] account

---

[1]Petitioner waived prosecution by indictment. *United States v. Rogers*, Case No. 3:06-cr-30065-GPM (S.D. Ill. Waiver of Indictment filed May 4, 2006).

> and contained personal identification numbers, financial institution
> account and routing numbers ….

*Id.* (Stipulation of Facts filed May 4, 2006).

On September 18, 2006, Judge Murphy sentenced Petitioner to "**46 MONTHS.  This term shall consist of 46 mos. on counts 1 & 2 said terms to run concurrent with each other, and 24 months on Ct. 3, to run consecutive to the term imposed on Counts 1 & 2.** *Id*. (Judgment filed Sept. 20, 2006) (emphasis original).

The written plea agreement provided that "the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28 [United States Code], or under any other provision of federal law." *Id.* (Defendant's Agreement to Plead Guilty).  From this waiver of his right to pursue either a direct appeal or collateral review, Petitioner carved out three exceptions.  First, " if the sentence imposed [was] in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserve[d] the right to appeal the reasonableness of the sentence." *Id.*

In addition, the written plea agreement set out the following two exceptions:

> Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the defendant actually innocent of the charges covered herein, and 2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10).

*Id.*

True to his word, Petitioner did not seek direct review of his convictions and/or sentences. A review of this Court's records also indicates that Petitioner has not previously sought relief pursuant to 28 U.S.C. § 2255.

On May 4, 2009, the Supreme Court decided *Flores-Figueroa v. United States*, 129 S. Ct. 1886 (2009), which held that the knowledge requirements of 18 U.S.C. § 1028A(a)(1) extended to the "of another person" element of the offense, requiring the Government to prove that the defendant did not simply invent a false identification, but knew that he was using identification belonging to another actual person. *Id.*

In his § 2255 motion, Petitioner asserts that the Government failed to identify the actual other person whose identity (or whose identification numbers) he was using. Petitioner argues that in light of *Flores-Figueroa*, he is "being held in custody for a non-existent crime." Furthermore, Petitioner appears to argue that the decision in *Flores-Figueroa* created a "newly recognized" statutory right which is retroactive to cases on collateral review, and, therefore, Petitioner has one-year from the date that *Flores-Figueroa* was decided (May 24, 2009) to pursue relief pursuant to § 2255. *See* 28 U.S.C. § 2255(f)(3). Finally, Petitioner is *not* barred by the limitations on second or successive § 2255 motions pursuant to § 2255(h) because he has not previously sought relief pursuant to 28 U.S.C. § 2255.

## DISPOSITION

The Court **ORDERS** the Government to file a response to Petitioner's motion  within **THIRTY (30) DAYS** of the date of this Order.  The Government shall, as part of its response, attach all relevant portions of the record.  In its response, the Government also shall address whether the

instant motion is timely filed and whether Petitioner has waived his right to bring the instant § 2255

motion in his written plea agreement.

**IT IS SO ORDERED**.

DATED:  08/02/10

s/ *G. Patrick Murphy*

G. PATRICK MURPHY
United States District Judge